[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10643
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cv-01439-JSM; 8:16-bkc-08167-MGW

In Re:  WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP
    d.b.a. University Village,
    WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP,

Debtors.

_____

IMH HEALTHCARE LLC,
ELI FREIDEN,
its managing member,
BVM UNIVERSITY VILLAGE LLC,
COMPLIANCE CONCEPTS LLC,
its managing member,
REBECCA BARTLE,
as managing member of Compliance Concepts LLC,
J.F. CONSULTANTS LLC,
SHABSE FUCHS,
its managing member,

Plaintiffs-Appellants,

versus

JEFFREY W. WARREN,
Esq. as Liquidating Trustee for Westport Holdings Tampa,

Limited Partnership,
WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 26, 2019)

Before TJOFLAT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

I.

Westport Nursing Tampa ("WNT") is a three-member limited liability company. The managing member is IMH Healthcare, LLC ("IMH"), which is owned by Eli Freiden. The second member is BVM University Village, LLC ("BVM"), which is owned by another LLC—Compliance Concepts—that is controlled by Rebecca Bartle. The third and final member is J.F. Consultants, LLC ("JFC"), which is owned by Shabse Fuchs. Together, IMH Healthcare (and Freiden), BVM (and Compliance Concepts/Bartle), and JFC (and Fuchs), are the Appellants in this case. They appeal the District Court's order affirming the Bankruptcy Court's enforcement order, which required them to transfer their membership interests in WNT pursuant to the Bankruptcy Court's confirmation order. We affirm.

2

II.

A.

There are two key orders in this case: (1) the Bankruptcy Court's confirmation order, and (2) the Bankruptcy Court's enforcement order.

First, the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, entered a confirmation order that required the Appellants to transfer their membership interests in WNT to two limited partnerships. JFC (Fuchs) transferred its interest, but IMH (Freiden) and BVM (Bartle) refused to transfer their interests.

Second, when the liquidating trustee, Jeffrey Warren, moved to compel the transfer following this refusal, the Court entered an enforcement order that required the Appellants to transfer their WNT interests according to the terms of the confirmation order. At a hearing on the motion to compel the transfer, the Appellants argued that an evidentiary hearing was required to determine whether they had waived certain conditions precedent to their obligation to transfer the interests. The Bankruptcy Court declined to hold an evidentiary hearing, finding that the Appellants had notice that those conditions no longer needed to be satisfied, and that the Appellants were required to transfer their WNT interests pursuant to the confirmation order. The Court therefore entered an enforcement

3

order that authorized Warren, as liquidating trustee, to transfer IMH's and BVM's membership interests to the two limited partnerships.

The Appellants then appealed the Bankruptcy Court's enforcement order to the District Court for the Middle District of Florida. The District Court affirmed the enforcement order because the Bankruptcy Court's *confirmation order*—not the enforcement order—was the order that required the transfer, and the Appellants had not appealed the confirmation order before it became a binding, final judgment. Therefore, the District Court found that the Appellants' appeal of the enforcement order was an impermissible collateral attack on the confirmation order. We agree with the District Court, as discussed below.

## B.

"A bankruptcy court's confirmation order that is final and no longer subject to appeal [is] '*res judicata* to the parties and those in privity with them.'" *Cabuya Cherokee, SA v. Vogt*, 532 B.R. 383, 390 (M.D. Fla. 2015) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152, 129 S. Ct. 2195, 2205 (2009)). In other words, once a confirmation order is no longer appealable, either because the appellants have exhausted their direct appeal or the deadline to appeal has passed, it becomes a final, binding judgment. *See Bailey*, 557 U.S. at 152–53, 129 S. Ct. at 2205–06. And once the confirmation order is final, any alleged defects in it cannot be collaterally attacked by challenging the bankruptcy court's order enforcing the

4

confirmation order.  *See id.*  For example, a final confirmation order cannot be attacked by challenging an order enforcing it even if the confirmation order is clearly defective because the bankruptcy court lacked subject matter jurisdiction to enter the confirmation order in the first place.  *Id.*

Here, the Appellants impermissibly seek to challenge the terms of the Bankruptcy Court's confirmation order by appealing the Court's enforcement order.  Therefore, their appeal fails.  *See id.*

The Appellants were on notice after the hearing on the motion to compel the transfer of the WNT interests that the confirmation order required them to transfer their interests without regard to any previously contemplated conditions precedent.  At that time, the Appellants still had six days to appeal the confirmation order.  But they did not do so.  And once the deadline to appeal the confirmation order passed, the order became final, and the Appellants cannot now attack the confirmation order by challenging the enforcement order.  Therefore, the District Court properly dismissed the appeal of the enforcement order.

Accordingly, we affirm.

**AFFIRMED.**

5